UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT E. RICH,<br><br>    Plaintiff,<br><br>v.<br><br>J. PEREIRA,<br><br>    Defendant. | Case No. 18-cv-06266-EMC<br><br>**ORDER**<br><br>Docket No. 17 |

Defendant's request for an extension of the deadline to file a dispositive motion is **GRANTED**. Docket No. 17. The Court now sets the following new briefing schedule: Defendant must file and serve his motion for summary judgment or other dispositive motion no later than **July 19, 2019**. Plaintiff must file and serve his opposition to the motion no later than **August 16, 2019**. Defendant must file and serve his reply, if any, no later than **August 30, 2019**.

Plaintiff sent to the court a letter stating that he had listed "Santa Rita Jail" as a defendant and does not know why it was not mentioned in the order of service. Docket No. 18. The reason why "Santa Rita Jail" was not considered as a separate defendant was because the Court understood the use of "Santa Rita Jail" to be part of the identifier of Defendant J. Pereira, i.e., that J. Pereira was an officer at the Santa Rita Jail. This is so because (1) "Santa Rita Jail" is only mentioned on the first page and is not on the list of defendants on the second page of the complaint; (2) there are no allegations against the Santa Rita Jail in the complaint that alleges excessive force on one occasion by one deputy; and (3) "Santa Rita Jail" is not a proper defendant because it is a place rather than a legal entity.

It may be that Plaintiff intended to sue the municipal agency (e.g., Alameda County) that runs the jail. But that entity is not liable simply because it runs the jail. There is no respondeat

superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Local governments, such as Alameda County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). If Plaintiff wants to attempt to allege policy-based claims against Alameda County under *Monell*, he may file an amended complaint within **thirty days** alleging such claims, assuming that he can allege *facts* showing unconstitutional conditions at the jail as well as a policy that is the moving force behind the constitutional violation.

Finally, Defendant filed a copy of a notice of deposition and request for production of documents sent to Plaintiff. Docket No. 19. The parties are reminded that discovery requests and responses are not to be filed with the Court, unless used as exhibits for a pending motion or opposition. *See* Fed. R. Civ. P. 5(d)(1). Additionally, the parties are reminded that no further Court permission is needed to conduct discovery (including taking Plaintiff's deposition) because the Order of Service already granted that permission. *See* Docket No. 13 at 4.

**IT IS SO ORDERED**.

Dated: May 23, 2019

_____
EDWARD M. CHEN
United States District Judge